UNITED STATES DISTRICT COURT   FILED'10 MAR 05 14:06USDC-ORP

DISTRICT OF OREGON

FHLF, LLC,

           Plaintiff,

  v.

LAUREN PAULSON,

           Defendant.

No. CV 10-48-MO

OPINION AND ORDER

---

LAUREN PAULSON,

           Third-Party Plaintiff

  v.

FAIRWAY AMERICA CORPORATION;
FAIRWAY COMMERCIAL MORTGAGE
CORPORATION; MATTHEW W. BURK;
STERLING SAVINGS BANK; WELLS FARGO
FOOTHILLS; JOHN DOE, a mortgage broker;
FRANKI KEEFE; SKYLANDS INVESTMENT
CORPORATION; FHLF, LLC, CRAIG
RUSSILLO and JOEL PARKER,

           Third-Party Defendants

MOSMAN, J.,

      This matter comes before the Court on plaintiff FHLF, LLC's Motion to Remand Case to State Court (#6). For the following reasons, I GRANT plaintiff's motion.

      FHLF filed three state law claims for forcible entry and detainer against defendant Lauren

Paulson in Washington County Circuit Court. No aspect of these claims arises under federal law, and, because FHLF is an Oregon corporation and Mr. Paulson is an Oregon resident, there is no diversity between the parties. Therefore, FHLF's claims could not have been brought in federal court. *See* 18 U.S.C. § 1441 (providing for removal only where a district court would have "original jurisdiction" over the action); *see also* 18 U.S.C. §§ 1331, 1332.

Mr. Paulson asserts that the Court may exercise supplemental subject matter jurisdiction under 18 U.S.C. § 1367, because FHLF's claims are related to claims he brought against FHLF in federal court.[1] *See* 18 U.S.C. § 1367 (allowing district courts to exercise supplemental jurisdiction "over all other [state law] claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). But 18 U.S.C. § 1367 "does not allow a party to remove an otherwise unremovable action to federal court for consolidation with a related federal action." *In re Estate of Tabas*, 879 F. Supp. 464, 467 (E.D. Pa. 1995); *see also* Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3722, at 384 ("[S]upplemental jurisdiction under Section 1367 of Title 28 is not a source of original subject matter jurisdiction for federal question purposes and thus a removal notice under Section 1441(a) may not base removal subject matter jurisdiction on the supplemental jurisdiction statute.").

The Court does not have subject matter jurisdiction over this case, and removal was improper. Under these circumstances, it is appropriate to remand the entire case, including Mr. Paulson's third-party complaint, to state court. *See* 18 U.S.C. § 1447(c) (requiring remand of "the

---

[1] The federal case, CV 09-982-ST, has been stayed since Mr. Paulson filed for bankruptcy in April 2009.

case" rather than "claims" or "matters"); *see also RMP Consulting Group, Inc. v. Datronic Rental Corp.*, No. 98-5062, 1999 WL 617690, at *4 (10th Cir. Aug. 16, 1999) (unpublished).

Accordingly, I GRANT plaintiff's Motion to Remand (#6) and HEREBY ORDER that this case be REMANDED to Washington County Circuit Court.

DATED this 4 day of March, 2010.

MICHAEL W. MOSMAN
United States District Court